CT Corporation

**Service of Process Transmittal**
11/29/2021
CT Log Number 540650394

**TO:**     Ignacio Cortina, Executive Vice President, General Counse
Oshkosh Corporation
1917 FOUR WHEEL DRIVE
OSHKOSH, WI 54902

**RE:**     **Process Served in Minnesota**

**FOR:**    McNeilus Truck and Manufacturing, Inc.  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: HORNER HOLDINGS, INC., and NATIONWIDE INSURANCE CO. // To: McNeilus Truck and Manufacturing, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 30CV21345 |
| **NATURE OF ACTION:** | Product Liability Litigation |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Inc, Saint Paul, MN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/29/2021 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Minnesota |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Ignacio Cortina  icortina@oshkoshcorp.com |
| | Email Notification,  Heather Kelly  hkelly@oshkoshcorp.com |
| | Email Notification,  Jessica Patla  jipatla@jlg.com |
| | Email Notification,  Bobbi Jo Birling  bbirling@oshkoshcorp.com |
| | Email Notification,  Patrick Taverna  pttaverna@jlg.com |
| | Email Notification,  Lori Mackey  lmackey@oshkoshcorp.com |
| | Email Notification,  Lynn Handrick  lhandrick@oshkoshcorp.com |
| | Email Notification,  Erin Sites  esites@jlg.com |
| **REGISTERED AGENT ADDRESS:** | CT Corporation System, Inc<br>1010 Dale Street N<br>Saint Paul, MN 55117 |

Page 1 of  2 / AK

**EXHIBIT**
**1**

 CT Corporation

**Service of Process
Transmittal**
11/29/2021
CT Log Number 540650394

TO:   Ignacio Cortina, Executive Vice President, General Counse
Oshkosh Corporation
1917 FOUR WHEEL DRIVE
OSHKOSH, WI 54902

RE:   **Process Served in Minnesota**

FOR:   McNeilus Truck and Manufacturing, Inc.  (Domestic State: MN)

866-331-2303
CentralTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / AK



Ryburn Law Firm
650 S. Shackleford Rd.
Suite 231
Little Rock, AR 72211

CERTIFIED MAIL®

7021 0950 0001 4629 5443

U.S. POSTAGE PAID
FCM LG ENV
LITTLE ROCK, AR
72223
NOV 20, 21
AMOUNT
$8.76
R2305K141104-03

CT Corporation System, Inc.

1010 Dale St N
St Paul, MN 55117

IN THE CIRCUIT COURT OF HOT SPRINGS COUNTY, ARKANSAS
CIVIL DIVISION

HORNER HOLDINGS, INC.,                         Case No.:
and NATIONWIDE INSURANCE CO.,


       Plaintiffs,

  vs.

PACCAR, INC., and MCNEILUS TRUCK
AND MANUFACTURING, INC.


       Defendants.

## SUMMONS

## THE STATE OF ARKANSAS TO DEFENDANT:

McNeilus Truck and Manufacturing, Inc.:
524 E Highway St Dodge Center, MN, 55972


Care of Registered Agent:

CT Corporation System, Inc.
1010 Dale St N
St Paul, MN 55117


A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose

name and address are:

Jason Ryburn, Esq.
650 S. Shackleford Rd. Ste. 231
Little Rock, AR 72211

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.


**CLERK OF COURT**

Teresa Pilcher                                    _____
Hot Springs County Circuit Clerk
210 Locust St.
Malvern, AR 72104


                                              Date: _____


[SEAL]



Arkansas Judiciary

**Case Title:**   HORNER HOLDINGS INC V PACCAR INC

**Case Number:**   30CV-21-345

**Type:**   SUMMONS - FILER PREPARED

So Ordered



Amanda Walker

Electronically signed by AFWALKER on 2021-11-15 08:27:01    page 7 of 7

ELECTRONICALLY FILED
Hot Spring County Circuit Court
Teresa Pilcher, Hot Spring County Circuit Clerk
2021-Nov-11 10:41:24
30CV-21-345
C07D01 : 11 Pages

IN THE CIRCUIT COURT OF HOT SPRINGS COUNTY, ARKANSAS
CIVIL DIVISION

| | |
|---|---|
| HORNER HOLDINGS, INC.,<br>and NATIONWIDE INSURANCE CO., | Case No.: |
| Plaintiffs, | **COMPLAINT**<br><br>JURY DEMAND |
| vs. | |
| PACCAR, INC., and MCNEILUS TRUCK<br>AND MANUFACTURING, INC. | |
| Defendants. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiffs, HORNER HOLDINGS, INC., and, NATIONWIDE

INSURANCE COMPANY, by and through their counsel, Jason Ryburn of the Ryburn Law

Firm, and for their causes of action, respectfully allege and state as follows:

**JURISDICTION & VENUE**

1.     This Court has jurisdiction over Defendants because at all times

relevant to this cause of action Defendants engaged in and conducted business within

Arkansas.

2.     Venue is proper under A.C.A. §16-60-112, because all or a substantial

part of the events or omissions and the damages occurred in Hot Springs County,

Arkansas.

- 1 -

## PARTIES

3.     Plaintiff, Horner Holdings, Inc. is an Arkansas corporation and, at all times material hereto, was the owner of a 2019 Peterbilt 567 ("Subject Vehicle"), VIN: 1NPCL70X8KD625017.

4.     Plaintiff, Nationwide Insurance Company ("Nationwide"), is a foreign insurance company licensed and authorized to do business in the State of Arkansas.

5.     At all times material hereto, Nationwide issued to and had in full force and effect a policy of insurance covering the Subject Vehicle. Nationwide is a real party in interest via subrogation having made payments to Horner Holdings, Inc. for the damages suffered from the acts alleged in this Complaint.

6.     Defendant, PACCAR, Inc., ("PACCAR") is Delaware corporation, with its principal place of business located in Bellevue, Washington.

7.     Defendant, McNeilus Truck and Manufacturing, Inc. ("McNeilus"), is Minnesota corporation, with its principal place of business located in Dodge City, Minnesota.

## SERVICE OF PROCESS

8.     Defendants may be served by serving this Complaint and Summons upon their registered agents for service process, as follows:

PACCAR, Inc.:

The Prentice Hall Corporation System, Inc.
251 Little Falls Dr.
Wilmington, DE 19808

-2-

McNeilus Truck and Manufacturing, Inc.:

CT Corporation System, Inc.
1010 Dale St N
St Paul, MN 55117

**STATEMENT OF FACTS**

9. At all times relevant hereto, Plaintiff Horner Holdings was the owner of the Subject Vehicle.

10. On November 9, 2020, the Subject Vehicle was parked and idling when smoke and flames began to issue from the cab area. Horner Holdings' employees took immediate action and contacted the local fire department. Despite immediate action and emergency assistance by the local fire department, the Subject Vehicle was rendered a total loss by the fire.

11. The fire originated in the front/cab area of the Subject Vehicle.

12. The Subject Vehicle was destroyed by the resulting fire.

13. The fire was caused by an electrical malfunction within the Subject Vehicle's wiring.

14. Nationwide had in effect, at all relevant times, a policy of insurance on the Subject Vehicle providing coverage for, among other things, damage to the vehicle.

15. Nationwide made payments to Horner Holdings pursuant to this policy of insurance as a result of the total loss of the Subject Vehicle.

16. The Subject Vehicle was purchased as a new vehicle by Horner Holdings from Defendant McNeilus in March of 2019.

17. Defendant PACCAR designed, manufactured, and distributed the major components of the Subject Vehicle including its chassis, engine, cab, wiring, and drivetrain.

18.     Defendant McNeilus is a Peterbilt dealer and modified the Subject Vehicle,

including installation of various components, for the purpose of equipping the vehicle to mix and

store concrete prior to selling the vehicle to Plaintiff, Horner Holdings.

19.     Defendants were given notice of the fire in writing within a reasonable period of

time.

20.     The fire and resulting damage to the personal property of Horner Holdings would

not ordinarily occur but for Defendants' negligence.

## CAUSES OF ACTION

## COUNT I

## NEGLIGENCE OF PACCAR

21.     For Plaintiffs' first cause of action against Defendant, PACAR, Plaintiffs plead,

reinstate, and reallege the previous paragraphs as if set forth fully herein, and would further show

the Court as  follows:

22.     Prior to and at the time of the incident described above, Defendant PACCAR owed

a duty to Plaintiffs to exercise reasonably prudent and ordinary care in the design, manufacture, and

distribution of the Subject Vehicle. Defendant PACCAR violated that duty by negligently

designing, manufacturing and distributing the Subject Vehicle and by failing to act as a reasonably

prudent company would have under the same or similar circumstances. Defendant's negligent acts

or omissions include, but are not limited to:

        a.      Failing to properly design, manufacture, and distribute the Subject Vehicle;

        b.      Failing to design, manufacture, and distribute vehicles that are free from

        defects;

-4-

c.   Failing to warn people who might reasonably use the vehicles of latent defects in the manufacture of the Subject Vehicle;

d.   Failing to design, manufacture, and distribute vehicles that would not catch fire in the course of their ordinary use;

e.   Failing to design, manufacture, and distribute vehicles that did not have defective conditions;

f.   Failing to adopt a practical, feasible, or otherwise reasonable alternative design that would have prevented or reduced the risk of fire; and

g.   Otherwise failing to use due care under the circumstances.

23.   Each of the above-referenced acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused Plaintiffs' damages.

## COUNT II

### NEGLIGENCE OF MCNEILUS

24.   For Plaintiffs' first cause of action against Defendant, McNeilus, Plaintiffs plead, reinstate, and reallege the previous paragraphs as if set forth fully herein, and would further show the Court as follows:

25.   McNeilus sold, supplied, and placed the Subject Vehicle into the stream of commerce by selling it to Plaintiff, Horner Holdings.

26.   McNeilus negligently sold, supplied and placed in the stream of commerce the Subject Vehicle in a defective condition, failed to properly repair the Subject Vehicle, negligently modified the Subject Vehicle, failed to warn Plaintiffs of the inadequacy of the repairs and/or modifications, failed to warn Plaintiffs of the risk of fire associated with its repairs

and/or modifications, and said negligence was a proximate cause of the fire and resulting damages.

27.    The negligence of McNeilus includes but is not limited to:

a. Selling, and supplying a vehicle that was not adequately safe for its intended purpose;

b. Failing to warn the Plaintiffs, and other potential users of the defect in the vehicle, when it knew or should have known that the vehicle could cause a fire; and

c. Failing to recall, notify, warn or otherwise inform the Plaintiffs of the dangerous condition of this vehicle.

d. Failing to remedy said defect(s) before selling the Subject Vehicle to Plaintiff, Horner Holdings, despite ample opportunity to do so.

## COUNT III

### STRICT LIABILITY OF PACCAR

28.    For Plaintiffs' second cause of action against Defendant PACCAR, Plaintiffs plead, reinstate, and reallege the previous paragraphs as if set forth fully herein, and would further show the Court as follows:

29.    The Subject Vehicle making the basis of Plaintiffs' lawsuit contained a design, manufacturing, and/or marketing defect, more particularly set forth below.

a. *Marketing Defect* – The Subject Vehicle contained one or more marketing defects:

i.    There was an unreasonable risk in the intended or reasonably foreseeable use of such vehicles in that the above defects cause fires that will consume the vehicles;

ii.    Defendant knew, foresaw, or should have known and foreseen the above risks;

-6-

iii.     Defendant failed to adequately warn Plaintiffs of the above risks,

failed to adequately instruct Plaintiffs how to avoid the above dangers,

or both.

b. *Design Defect* – The Subject Vehicle contained one or more design defects,

more particularly set forth above. Defendant designed the Subject Vehicle

and knew safer alternative designs existed that would have prevented or

significantly reduced the above risks without substantially impairing the

Subject Vehicle's utility, and were economically and technologically

feasible at the time the Subject Vehicle left Defendant's control by the

application of existing or reasonably achievable scientific knowledge.

i.      The design defects, or any of them, rendered the Subject Vehicle
unreasonably dangerous as designed considering the utility of the
Subject Vehicle and the risks involved in its use.

ii.     The design, manufacturing, and/or marketing defects, or any of them,
were producing causes of Plaintiffs' damages more particularly set
forth above.

c. *Manufacturing Defect* – The Subject Vehicle contained one or more

manufacturing defects, more particularly set forth above. The Subject

Vehicle manufactured by Defendant PACCAR deviates in its construction

or quality, from the specifications or planned output in a manner that

rendered the Subject Vehicle unreasonably dangerous.

d. *Unreasonably Dangerous* – The design defects, manufacturing defects,

marketing defects, or all, rendered the Subject Vehicle unreasonably

dangerous by making the Subject Vehicle dangerous to an extent beyond

that which would be contemplated by the ordinary consumer with the

knowledge common to the community as to its characteristics.

e. *Foreseeability* - It was entirely foreseeable to and well-known by Defendant PACCAR that incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicles.

f. *Defective Condition* – The Subject Vehicle was defective and unreasonably dangerous in that it contained component parts that could catch fire under normal operating conditions. The Subject Vehicle in question was in this defective condition at the time it left the possession or control of Defendant.

  i.   The Subject Vehicle reached Plaintiff, Horner Holdings, without substantial change to the condition of the vehicle.

  ii.  Defendant PACCAR designed, manufactured, marketed, distributed and sold said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts in that the Subject Vehicle was unreasonably dangerous as designed, marketed, manufactured, or any of them. Specifically, Defendant's component parts were defective, inferior and inadequately designed, marketed and manufactured such that they would spontaneously ignite, placing property and persons in extreme danger.

30.    The foregoing acts and/or omissions of Defendant PACCAR were a producing and/or proximate cause of Plaintiffs' damages.

31.     As a direct and proximate result of the unreasonably defective condition, as set for

in the foregoing paragraphs, the Subject Vehicle in question ignited and burned, causing the

Plaintiffs' damages.

## COUNT IV

## BREACH OF EXPRESS WARRANTY

32.     Plaintiff realleges each and every allegation set out above as though each were

fully set out herein.

33.     Defendants are "sellers" under Ark. Code Ann. § 4-2-103.

Plaintiff, Horner Holdings, is a "buyer" under Ark. Code Ann. § 4-2-103.

34.     The automobile constituted "goods" under Ark. Code Ann.§ 4-2-105.

35.     Plaintiff's purchase of the vehicle was accompanied by express warranties offered

by Defendants and extended to Plaintiff. The aforesaid warranty was part of the basis of the

bargain of the contract between Plaintiff and Defendant's authorized dealer for the purchase of

the Vehicle. Said warranty will be offered as an exhibit once it is produced pursuant to

discovery.

36.     In these express warranties, Defendants warranted that the Vehicle was free from

all defects in material or workmanship, and that if any such defects were discovered within a

specified period Defendants would provide for repair of the vehicle free of charge to the

Plaintiff.

37.     In fact, when delivered, the vehicle had material defects which are hereby

realleged from Paragraph 20, as though they were fully set out herein.

38.     The defects presented in the Subject Vehicle could not reasonably have been

discovered by Plaintiff prior to Plaintiff's acceptance of the vehicle.

39.     Plaintiffs have been damaged by reason of the Defendant's Breach of Express

Warranty in the amount set forth below.

40.     Defendants were given notice of the fire and breach of warranty within a

reasonable period of time.

### COUNT V

### BREACH OF IMPLIED WARRANTIES

41.     Plaintiff realleges each and every allegation set out above as though each were

fully set out herein.

42.     Defendants are merchants with respect to vehicles under Ark. Code Ann.§ 4-2-

104.

43.     The vehicle purchased by Plaintiff was subject implied warranties of

merchantability under Ark. Code Ann. § 4-2-314, and fitness for a particular purpose under Ark.

Code. Ann. § 4-2-315 running from Defendants to the benefit of Plaintiffs.

44.     The defects described in Paragraph 29 above rendered the vehicle unmerchantable

and unfit for the intended purpose.

45.     Defendants failed to adequately remedy the defects in the Subject Vehicle, and

the Vehicle is still in an unmerchantable and unfit condition, all damaging Plaintiffs in an

amount set out below.

### DAMAGES

46.     As a direct, proximate, and consequential result of Defendants' negligence and/or

conduct as described herein, Plaintiff Horner Holdings sustained damage to its property and to

Nationwide as subrogee. Plaintiffs seek total damages in the amount of at least **$162,588.85**, plus

reasonable attorney's fees, costs, and post judgment interest.

WHEREFORE, Plaintiffs, Horner Holdings and Nationwide, pray for judgment against Defendants, PACCAR and McNeilus, together with interest thereon, costs and disbursements herein, reasonable attorney's fees, and such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a jury trial as to all triable issues.

Dated this 11th day of November, 2021.

RYBURN LAW FIRM

By /s/ Jason M. Ryburn
Jason Ryburn (Bar No. 2012-148)
Ryburn Law Firm
650 S. Shackleford Rd.
Little Rock, AR 72211
501.228.8100 – telephone
501.228.7300 – facsimile
jason@ryburnlawfirm.com

*ATTORNEY FOR PLAINTIFFS*